ELECTRONICALLY FILED - 2022 Sep 01 2:30 PM - COLLETON - COMMON PLEAS - CASE#2022CP1500747

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FOURTEENTH JUDICIAL CIRCUIT |
| COUNTY OF COLLETON | ) | CASE NO.: 2022-CP-15-_____ |
| | ) | |
| LAVONIA MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **SUMMONS** |
| | ) | **(JURY TRIAL DEMANDED)** |
| DOLLAR TREE STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

TO: THE ABOVE-NAMED DEFENDANT:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to said Complaint on the subscribers hereunder at their offices located at The Gibbs Law Firm, LLC, 1304 Boundary Street, Beaufort, South Carolina 29902, within thirty (30) days after the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in the action will apply to the Court for relief demanded in said Complaint.

                                              **THE GIBBS LAW FIRM, LLC**

                                              *s/Christopher F. Gibbs*_____
                                              Christopher F. Gibbs (SC Bar #100366)
                                              1304 Boundary Street
                                              Beaufort, SC 29902
                                              Tel: (843) 379-2330
                                              Fax: (843) 379-2332
                                              Email: cgibbs@cgibbslawfirm.com
                                              ATTORNEY FOR PLAINTIFF

Beaufort, South Carolina
September 1, 2022

ELECTRONICALLY FILED - 2022 Sep 01 2:30 PM - COLLETON - COMMON PLEAS - CASE#2022CP1500747

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FOURTEENTH JUDICIAL CIRCUIT |
| COUNTY OF COLLETON | ) | CASE NO.: 2022-CP-15-_____ |
| | ) | |
| LAVONIA MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | **(JURY TRIAL DEMANDED)** |
| DOLLAR TREE STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff, Lavonia Miller, by and through her undersigned attorney, complaining of the Defendant, would allege and show unto the Court the following:

## PARTIES AND JURISDICTION

1. At the time of the incident, Plaintiff was a citizen and resident of Beaufort County, South Carolina.

2. That upon information and belief, Defendant Dollar Tree Stores, Inc. (herein referred to as "Defendant") is a corporation incorporated under the laws of the Commonwealth of Virginia, authorized and doing business in the State of South Carolina, and is engaged in the business of operating discount department stores for basic consumer goods.

3. That the accident that is the subject of this action occurred in Colleton County in the State of South Carolina.

4. That venue is proper in Beaufort County pursuant to S.C. Code § 15-7-30(C) because the most substantial part of the alleged acts or omissions giving rise to the cause of action occurred in Colleton.

5. That this Court has jurisdiction over the parties and the subject matter of this action.

6. That on or about September 1, 2019, the Plaintiff suffered injuries while shopping at the Defendant's store located at 2098 Bells Highway, Walterboro, South Carolina 29488-6815.

7. While shopping at the Defendant's store, Plaintiff encountered a hazard in/on the store's floor. As a result of the hazard, she tripped and fell violently to the floor.

8. That the Defendant had a duty to provide reasonably safe premises for its patrons, and that the Defendant knew, or in the exercise of reasonable care, should have known of the hazard, or the Defendant negligently created the hazard either through the acts or omissions of its employees, and the Defendant should have safeguarded against the potential injury.

9. That the Defendant's failure to provide reasonably safe premises, and in particular, shopping aisles clear of any potential hazard, is a breach of the Defendant's duty, and caused the Plaintiff to fall and sustain injuries.

10. That the Plaintiff has sustained actual damages as a result of the Defendant's negligence which include, but are not limited to, medical bills and related costs of treatment, and pain and suffering, including the continuing pain and suffering as a result of the permanent nature of the injuries.

11. Defendant had a duty to warn the public of the dangerous and hazardous conditions of their shopping aisles, to inspect their shopping aisles to prevent the existence of hazardous conditions, and to correct hazardous conditions.

12. Defendant knew or should have known of the hazardous condition and therefore had a duty to quickly repair or take measures that would correct or prevent the hazard.

13. The presence of the dangerous condition described above created an unreasonable risk of serious harm to the public shopping within their stores.

ELECTRONICALLY FILED - 2022 Sep 01 2:30 PM - COLLETON - COMMON PLEAS - CASE#2022CP1500747

ELECTRONICALLY FILED - 2022 Sep 01 2:30 PM - COLLETON - COMMON PLEAS - CASE#2022CP1500747

14. Defendants, by and through the acts and/or omissions of their agents, servants, and/or employees, were negligent, careless, reckless, grossly negligent, willful, and wanton at the time and place above-mentioned in the following particulars:

- a) In permitting the floors in the store to become in a hazardous condition, which Defendant knew or should have known, would give rise to any reasonable risk of injury to customers, including Plaintiff;

- b) In failing to repair and maintain the floors in the store, which Defendants knew or should have known presented a danger to customers, including Plaintiff;

- b) In failing to erect reflective signs, barricades, emergency lanterns, or any type of warning device to alert customers of the dangerous area of the shopping aisle;

- c) In failing to use due diligence by regularly inspecting the floors to discover defects and in failing to correct the defective condition;

- e) In failing to act as a reasonable person or business establishment would have acted under the same or similar circumstances; and

- f) In such other and further particulars as the evidence in trial may show;

all of which combined and concurred as a direct and proximate cause of the injuries and damages suffered by Plaintiff herein, said acts being in violation of the statutes and laws of the State of South Carolina.

**WHEREFORE**, the Plaintiff prays that judgement be entered in favor of Plaintiff against Defendant as follows:

- i. Actual and compensatory damages, in an amount sufficient to compensate for the injuries and damages sustained as may be determined by a jury;
- ii. Nominal, incidental, and consequential damages, in an amount to be determined by a jury;

iii. Punitive damages, adequate to punish the Defendant named and others from continuing and/or repeating such similar conduct warranting punishment, in an amount to be determined by a jury;

iv. All costs, interest as authorized by law, disbursements, and all reasonable attorney's fees associated with this action; and

v. Any and all such other and further relief as this Court or the trier of fact may deem just and proper.

           **THE GIBBS LAW FIRM, LLC**

           *s/Christopher F. Gibbs*_____
           Christopher F. Gibbs (SC Bar #100366)
           1304 Boundary Street
           Beaufort, SC 29902
           Tel: (843) 379-2330
           Fax: (843) 379-2332
           Email: cgibbs@cgibbslawfirm.com
           ATTORNEY FOR PLAINTIFF

Beaufort, South Carolina
September 1, 2022

ELECTRONICALLY FILED - 2022 Sep 01 2:30 PM - COLLETON - COMMON PLEAS - CASE#2022CP1500747